UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KORINA YOUNG, an individual

      Plaintiff,

v

CITY OF MUSKEGON HEIGHTS,
a public body.

and

CALVIN DAVIS, individually, and
in his official capacity as a code enforcement
officer for the CITY OF MUSKEGON HEIGHTS.

      Defendants.

FILE NO.: 23-CV-

HON.:

| WILLIAM F. PIPER, PLC<br>William F. Piper (P38636)<br>Attorney for Plaintiff<br>1611 W. Centre Street, Ste. 209<br>Portage, MI 49024<br>(269) 321-5008<br>(269) 321-5009 (facsimile)<br>wpiper@wpiperlaw.com | |

## COMPLAINT

The plaintiff, Korina Young, by and through her attorney William F. Piper, PLC, for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The plaintiff Korina Young is an adult woman who resided in the City of Spring Lake, County of Ottawa, State of Michigan, at all times relevant to this complaint, and she still resides there.

1

2. The defendant City of Muskegon Heights is a public body located in the County of Muskegon, State of Michigan.

3. The defendant Calvin Davis was employed by the City of Muskegon Heights Police Department as a code enforcement officer at all times relevant to this complaint, upon information and belief.

4. The events complained of occurred in Ottawa and Muskegon Counties in January 2023 through April 2023.

5. The events complained of were committed by the individual defendant Calvin Davis under color of state law but not under a legitimate exercise of governmental authority.

6. The claims in this lawsuit arose in part under 42 U.S.C. § 1983.

7. Certain claims in this lawsuit arose under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

**COMMON ALLEGATIONS**

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9. The plaintiff Korina Young, at all times relevant to this complaint, was an art teacher for the Muskegon Public Schools.

10. Before August 6, 2021 Ms. Young was a 1099 subcontractor property manager for Real Property Management, which managed real properties owned by other entities, some or all of which were owned by other companies in which Matt Engel had an ownership interest in.

11. After August 6, 2021 Ms. Young no longer worked as a subcontractor for Real

Property Management, or for any other company owned or part owned by Matt Engel, or for Matt Engel,

12. Ms. Young never had any ownership interest in the property located at 44 Oakwood in the City of Muskegon.

13. Despite the above, the defendant Calvin Davis, having no probable cause whatsoever to do so, issued a citation for outdoor storage of junk or inoperable machinery, and noxious weed and vegetation, against Ms. Young, for the property located at 44 Oakwood, even though he knew or should have known that Ms. Young had no ownership or other interest whatsoever in the property in question, and was completely not responsible for the violations.

14. Upon information and belief Mr. Davis sent the citations to an old address for Mr. Engel or one of his companies in Grand Rapids.

15. Ms. Young never found out about the totally outrageous and groundless citation issued against her until 2023, much less receiving any formal notice of it, and any certification to the contrary is false.

16. When the citations were not addressed by any person, the defendant Calvin Davis requested and caused a default judgement to be issued against Ms. Young, and a bench warrant to be issued for the arrest of her, which bench warrant was issue in August 2022.

17. On Saturday January 7, 2023 a Grand Haven Police Department officer pulled Ms. Young over for a traffic violation, and the officer noticed a warrant out for her arrest referenced above.

18. The officer handcuffed Ms. Young, searched her and placed her in the back of his patrol vehicle.

19. Ms. Young vehemently explained that the arrest was an error.

20. After about twenty minutes or so, the deputy released Ms. Young and told her to call the City of Muskegon Heights on Monday to clear up the matter.

21. The deputy advised her not to drive, as she could be pulled over again, because of the active warrant for her arrest.

22. On Monday January 9, 2023 Ms. Young made several calls to the City of Muskegon Heights, explaining to many persons there that she was not the owner of the property, was not the manager of the property, and was not in any way responsible for any citations regarding it, and she would not pay the citations, fines or costs.

23. A clerk referred Ms. Young to the defendant Calvin Davis.

24. Ms. Young vehemently explained to the defendant Davis that she was not the owner or even the property manager for the property at 44 Oakwood.

25. Mr. Davis called back two days later and apologized, promising that he would fill out a nolle prosequi form to get the case against her dismissed.

26. Mr. Davis promised Ms. Young that he could take care of the matter for her, and she was all set.

27. The nolle prosequi was never presented to the court, contrary to Mr. Davis's promise to Ms. Young.

28. On March 29, 2023 Ms. Young was driving in the City of Spring Lake with her 18-year-old daughter when she was pulled over by an Ottawa County Sheriff's Department deputy.

29. The deputy ordered her out of the car.

30. The deputy told her that there was a warrant out for her arrest, and she had expired

4

plates.

31. Ms. Young told the deputy that there should not be any warrant, as it had been taken care of.

32. The deputy, after listening to Ms. Young, handcuffed her, searched her and put her in his patrol vehicle.

33. The deputy called the City of Muskegon Heights while Ms. Young remained in the patrol vehicle for 10 minutes or more.

34. Despite Ms. Young's vehement explanation to the deputy, and the deputy's call, the officer on duty at the City of Muskegon Heights told the deputy to take her to the Muskegon county jail.

35. The deputy released the handcuffs so that Ms. Young could give things to her daughter to take home.

36. The deputy met a City of Muskegon Heights officer at Craig's Cruisers and transferred Ms. Young to him.

37. The Muskegon Heights officer handcuffed Ms. Young again and took her to the Muskegon County jail, where she was frisked and searched.

38. In order to get out of jail, Ms. Young had a business associate give her money to pay for bail, because she feared being in jail.

39. Despite that, the jailers kept her in jail for five hours in a cell that wreaked of body odor with seven other women.

40. Ms. Young was panicking because she was supposed to go on a spring break trip with two of her children.

41. A jailer laughed and told Ms. Young to smile for her mug shot, as she would be getting out of jail soon, a statement Ms. Young did not believe was funny.

42. Ms. Young had to take the day off of work the following day because the experience caused her to lose sleep and became sick, and she developed a cough.

43. On March 30, 2023 Ms. Young called the defendant Calvin Davis, who told Ms. Young that he had done all that he could to get the nolle prosequi filed, but no one was able to process it, because no one was employed to do so.

44. The defendant City of Muskegon Heights, upon information and belief, had not had an attorney to do legal work since February 1, 2023, and the City had not hired anyone else.

45. Mr. Davis assured Ms. Young that the nolle prosequi would be filed, but that assurance was not good enough for her, given what had happened in the past.

46. Ms. Young told Mr. Davis that she would need to see a dismissal signed by a court.

47. As a result Ms. Young did not go for her spring break vacation to Florida.

48. A judge finally signed the dismissal of the charges against Ms. Young.

49. The defendants paid her back her bail money, but they have not reimbursed her for fees and costs wrongfully accrued.

50. As a result of the unlawful conduct of the defendants set forth above, the plaintiff Ms. Young has suffered and will continue to suffer economic losses, a loss of enjoyment of life, damage to her reputation, anger, humiliation, emotional distress, fear, and other damages.

**COUNT I- 42 U.S.C. § 1983 - VIOLATIONS - DEFENDANT DAVIS**

51. The plaintiff restates and realleges as though fully set forth herein paragraphs 1- 50 of this complaint.

52. It is clearly established under the Fourth and Fourteenth Amendments that an officer of a public entity cannot arrest or cause another to arrest and search an individual without any probable cause whatsoever to do so.

53. It is clearly established under the Fourth and Fourteenth Amendments to the Constitution of the United States that an officer cannot obtain in default judgment against an individual without giving her notice and an opportunity to be heard.

54. It is clearly established that an officer cannot request and cause a prosecution against an individual without probable cause to do so.

55. By acting as he did described above, the defendant Davis caused unconstitutional seizures, arrests, and searches, and a malicious prosecution, against the plaintiff.

56. The defendant Davis could not reasonably have believed that his actions described above were within the constitutional limitations on the exercise of his authority under the Fourth and Fourteenth Amendments to the constitution of the United States.

57. The acts of the defendant Davis described above violated the clearly established rights of the plaintiff to be free from the unconstitutional conduct described above.

58. As a result of the unconstitutional conduct described above, Ms. Young suffered and will continue to suffer the damages described above.

59. These claims are actionable under 42 U.S.C. § 1983.

**WHEREFORE**, the plaintiff requests a judgment against the individual defendant Davis for whatever amount is sufficient to compensate her for her injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 U.S.C. § 1988, and any other relief this court deems fair and just.

### COUNT II – CONSTITUTION VIOLATIONS – CITY OF MUSKEGON HEIGHTS

60. The plaintiff restates and realleges as though fully set forth herein paragraphs 1- 59 of this complaint.

61. The defendant City of Muskegon Heights, through its final decisionmakers, made a decision not to hire a city attorney after February 1, 2023, and it therefore knew that there was no one present who could correct the legal errors of its agents.

62. As a result the defendant City of Muskegon Heights did not enter a nolle prosequi or withdraw the arrest warrant against Ms. Young on charges that had absolutely no factual basis and that she had had no notice of.

63. This conduct by the defendant City of Muskegon Heights amounted to a policy custom, or practice of deliberate indifference to the constitutional rights of citizens such as the plaintiff Ms. Young.

64. As a result of the conduct described above, Ms. Young suffered the damages arising from the unconstitutional arrests, searches, and prosecutions, and the incarceration on March 29, 2023.

65. These claims are actionable under 42 U.S.C. § 1983.

**WHEREFORE**, the plaintiff requests a judgment against the defendant City of Muskegon Heights for whatever amount is sufficient to compensate her for her injuries and damages past and future plus all recoverable interest, costs, attorney's fees under 42 U.S.C. § 1988, and any other relief this court deems fair and just.

### COUNT III – INTENTIONAL TORTS – DEFENDANT DAVIS

8

66. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-65 of this complaint.

67. The acts of the individual defendant described above constitute false arrests, malicious prosecutions, and a false imprisonment.

68. As a result of the unlawful acts described above, the plaintiff suffered and will continue to suffer the damages described above.

69. This claim is actionable in part under MCL 600.2907.

**WHEREFORE**, the plaintiff requests a judgment against the individual defendant Davis for whatever amount is sufficient to compensate her for her injuries and damages past and future plus all recoverable interest, treble the damages under MCL 600.2907, costs, attorney's fees, and any other relief this court deems fair and just.

Dated: April 27, 2023

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By: /s/ William F. Piper
William F. Piper (P38636)
BUSINESS ADDRESS:
1611 West Centre Ave., Ste 209
Portage, Michigan 49024
Phone: 269.321.5008
Fax: 269.321.5009